JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Brittney Phillips*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRITTNEY PHILLIPS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 2:25-cv-01351-CDS-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(THIRD REQUEST)** |

Plaintiff Brittney Phillips ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendants Walmart Inc. and Wal-Mart Associates, Inc. ("Defendants"), by and through their counsel of record, Littler Mendelson, P.C., hereby stipulate and agree to extend the unexpired discovery deadlines for sixty (60) days. This is the parties' third request for an extension.

**A. Discovery Completed to Date.**

To date, the parties have conducted the following discovery:

- **Oct. 24, 2025:** Plaintiff served her Initial Disclosures pursuant to FRCP 26(a)(1)(A).
- **Oct. 29, 2025:** Defendants Walmart Inc. and Wal-Mart Associates, Inc. served their Initial Rule 26(a)(1) Disclosures.
- **Dec. 12, 2025:** Defendants served their First Set of Interrogatories to Plaintiff Brittney Phillips.
- **Dec. 12, 2025:** Defendants served their First Request for Production of Documents to Plaintiff Brittney Phillips.
- **Dec. 23, 2025:** Defendant Walmart Inc. served responses to Plaintiff's First Set of Interrogatories.
- **Dec. 23, 2025:** Defendant Wal-Mart Associates, Inc. served responses to Plaintiff's First Set of Interrogatories.
- **Dec. 23, 2025:** Defendant Walmart Inc. served responses to Plaintiff's First Set of Requests for Production of Documents.
- **Dec. 23, 2025:** Defendant Wal-Mart Associates, Inc. served responses to Plaintiff's First Set of Requests for Production of Documents.
- **Dec. 23, 2025:** Concurrently with serving their responses to Plaintiff's written discovery, Defendants also produced supplemental disclosure documents totaling approximately 400 pages.
- **Jan. 12, 2026:** Plaintiff served her First Supplement to Initial Disclosures pursuant to FRCP 26(e).
- **Jan. 12, 2026:** Plaintiff served answers to Defendants Walmart Inc.'s and Wal-Mart Associates, Inc.'s First Set of Interrogatories.
- **Jan. 12, 2026:** Plaintiff served responses to Defendants Walmart Inc.'s and Wal-Mart Associates, Inc.'s First Set of Requests for Production of Documents.
- **Feb. 2, 2026:** Plaintiff served her Second Supplement to Initial Disclosures pursuant to

FRCP 26(e).

- **Feb. 6, 2026:** Plaintiff served her Initial Designation of Expert Witnesses pursuant to FRCP 26(a)(2).
- **Apr. 14, 2026:** Plaintiff served her First Set of Requests for Admissions to Defendant Walmart Inc.
- **Apr. 15, 2026:** Plaintiff served her First Set of Requests for Admissions to Defendant Wal-Mart Associates, Inc.
- **Apr. 16, 2026:** Plaintiff served a Notice of Deposition of Amber Haines, setting the deposition for May 1, 2026.
- **Apr. 16, 2026:** Plaintiff served a Notice of Deposition of Corinna Cannon, setting the deposition for May 4, 2026.
- **Apr. 16, 2026:** Plaintiff served a Notice of Deposition of Mina Davis, setting the deposition for May 6, 2026.
- **Apr. 20, 2026:** Plaintiff served a Notice of Deposition of Wal-Mart Associates, Inc.'s FRCP 30(b)(6) representative, setting the deposition for May 14, 2026.
- **Apr. 20, 2026:** Plaintiff served a Notice of Deposition of Walmart Inc.'s FRCP 30(b)(6) representative, setting the deposition for May 15, 2026.
- **Apr. 22, 2026:** Plaintiff served her Third Supplement to Initial Disclosures pursuant to FRCP 26(e).
- **Apr. 24, 2026:** In advance of Defendants' supplemental written discovery responses, Defendants served supplemental disclosure materials, which included an additional 333 pages of documents.
- **Apr. 28, 2026:** Defendant Walmart Inc. served its First Supplemental Responses to Plaintiff's First Set of Interrogatories.
- **Apr. 28, 2026:** Defendant Wal-Mart Associates, Inc. served its First Supplemental Responses to Plaintiff's First Set of Interrogatories.
- **Apr. 28, 2026:** Defendant Walmart Inc. served its First Supplemental Responses to

Plaintiff's First Set of Requests for Production of Documents.

- **Apr. 28, 2026:** Defendant Wal-Mart Associates, Inc. served its First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents.
- **Apr. 28, 2026:** Plaintiff served an Amended Notice of Deposition of Amber Haines, resetting the deposition for June 10, 2026.
- **May 12, 2026:** Defendant Wal-Mart Associates, Inc. served responses to Plaintiff's First Set of Requests for Admissions.
- **May 12, 2026:** Defendant Walmart Inc. served responses to Plaintiff's First Set of Requests for Admissions.
- **May 12, 2026:** Defendants served objections to Plaintiff's Rule 30(b)(6) deposition notice.
- **June 10, 2026:** Plaintiff served an Amended Notice of Deposition of Corinna Cannon, resetting the deposition for September 1, 2026.
- **June 10, 2026:** Plaintiff served an Amended Notice of Deposition of Mina Davis, resetting the deposition for September 8, 2026.
- **June 16, 2026:** Plaintiff served an Amended Notice of Deposition of Walmart Inc.'s FRCP 30(b)(6) representative, setting the deposition for July 24, 2026.
- **June 16, 2026:** Plaintiff served an Amended Notice of Deposition of Wal-Mart Associates, Inc.'s FRCP 30(b)(6) representative, setting the deposition for July 24, 2026.
- **June 25, 2026**: Defendants re-served by email the supplemental document production previously transmitted on April 24, 2026.
- **July 2, 2026:** Plaintiff served a Second Amended Notice of Deposition of Amber Haines, resetting the deposition for September 3, 2026.

**B. Discovery Which Still Needs to Occur.**

Plaintiff intends to take the depositions of Amber Haines, Mina Davis, Corinna Cannon, Michael Yturralde, and Merribel Ferrer, as well as the FRCP 30(b)(6) depositions of Defendants' corporate representatives. Plaintiff has currently scheduled the deposition of Amber Haines for September 3, 2026, the deposition of Corinna Cannon for September 1, 2026, and the deposition of

Mina Davis for September 8, 2026. The FRCP 30(b)(6) depositions are currently scheduled for July 24, 2026. The parties are engaging in meet and confer efforts relating to the FRCP 30(b)(6) representative depositions and the scope of Plaintiff's written discovery requests. Defendants intend to take Plaintiff's deposition and have requested Plaintiff's availability for that deposition, with proposed dates still forthcoming. Defendants intend to serve third-party subpoenas as well and may propound additional written discovery based on information learned through ongoing discovery Plaintiff also intends to issue third-party subpoenas and may conduct additional written discovery and depositions of other fact witnesses based upon information learned in the foregoing depositions. Further, the parties intend to continue supplementing their written discovery responses and document productions.

**C. Proposed Schedule for Completing Remaining Discovery.**

The deadlines for amending the pleadings and adding parties, initial expert disclosures, and rebuttal expert disclosures have already expired and are not affected by this request. The parties propose the following extension of the remaining unexpired deadlines:

**Discovery Cut-Off Date**. The August 7, 2026, discovery cut-off date shall be extended sixty (60) days to **Tuesday, October 6, 2026**.

**Dispositive Motions**. The September 4, 2026, dispositive motions deadline shall be extended to **Thursday, November 5, 2026,** which is thirty (30) days after the discovery deadline.

**Pretrial Order**. If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions. As the thirtieth day falls on Saturday, December 5, 2026, a non-judicial day, the Joint Pretrial Order shall be due **Monday, December 7, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D. Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations,*

*Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Dispositive Motions, and Pretrial Order deadlines. The parties have been diligent in conducting written discovery, exchanging supplemental disclosures, and engaging in meaningful meet and confer efforts. The parties have also spent substantial time evaluating potential informal resolution and, for a period, focused attention on whether the matter could be resolved without incurring the additional expense of depositions and related discovery. Although those efforts did not result in resolution, they were undertaken in good faith and affected the timing and sequencing of discovery efforts.

In addition, there have been transitions in defense counsel's handling of the matter during the course of discovery. Those transitions, together with scheduling constraints and competing deadlines, affected the coordination of certain discovery tasks and witness scheduling. Even so, the parties have continued moving discovery forward and are working to complete the remaining items as efficiently as possible.

Due to the schedules of counsel and the witnesses, the depositions identified above are in

the process of being rescheduled, and the parties continue to meet and confer regarding the FRCP 30(b)(6) representative depositions before those depositions can be reset. Considering the foregoing, the parties are unable to complete the remaining depositions and written discovery before the current discovery deadline. This request is timely under LR 26-3, as it is submitted at least twenty-one (21) days before each affected deadline, and it is made in good faith and not for purposes of undue delay.

The parties submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

The parties hereby stipulate to the aforementioned.

DATED: July 17, 2026

*/s/ Marian Massey*

JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

*/s/ Hayley Cummings*

Kathryn B. Blakey, Esq.
Nevada Bar No. 12701
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201

Hayley Cummings, Esq.
Nevada Bar No. 14858
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113-4770

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: July 20, 2026