Kathryn B. Blakey, Esq.
Nevada Bar No. 12701
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
Telephone: 702.862.8800
Facsimile: 702.862.8811
kblakey@littler.com

Hayley J. Cummings, Esq.
Nevada Bar No. 14858
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, Suite 200
Las Vegas, NV 89113
Telephone: 702.862.7758
Facsimile: 702.862.8811
hcummings@littler.com

Attorneys for Defendants
WALMART INC. and
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BRITTNEY PHILLIPS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:25-cv-01351-CDS-BNW<br><br>**STIPULATION TO STAY DISCOVERY AND REMAINING PRETRIAL DEADLINES PENDING MEDIATION AND [PROPOSED] ORDER**<br><br>**[FIRST REQUEST TO STAY; FOURTH REQUEST TO MODIFY SCHEDULING ORDER]**<br><br>**[FOURTH REQUEST]** |

Plaintiff Brittney Phillips ("Plaintiff") and Defendants Walmart Inc. and Wal-Mart Associates, Inc. (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby stipulate and respectfully request that the Court, for good cause shown, stay discovery and all remaining pretrial deadlines pending the Parties' private mediation scheduled for November 10, 2026. In support of this request, and pursuant to LR 26-3, the Parties state as follows:

1. On October 28, 2025, the Parties filed their Stipulated Discovery Plan and Scheduling Order. ECF No. 19. The Court entered the Scheduling Order on October 31, 2025. ECF No. 21.

2. The Court has since modified the discovery schedule by stipulation, most recently on July 20, 2026. ECF No. 39. Under the operative Scheduling Order, the discovery cutoff is October 6, 2026, the dispositive motion deadline is November 5, 2026, and the joint pretrial order deadline is December 7, 2026.

3. Since entry of the Scheduling Order, the Parties have diligently pursued discovery and have substantially completed written discovery, document production, and deposition preparation. As summarized below, the Parties have exchanged Rule 26(a)(1) disclosures, served and responded to written discovery, supplemented their disclosures and productions, and prepared for party and Rule 30(b)(6) depositions.

4. The Parties have agreed to participate in private mediation, which is scheduled for November 10, 2026, before Hon. Jay Young (Ret.) of Advanced Resolution Management ("ARM").

5. Because the mediation will occur after both the current discovery cutoff and dispositive motion deadline, absent relief from the Court, the Parties would be required to complete the remaining depositions, any related follow-up discovery, and dispositive motion practice before mediation.

6. In light of the scheduled mediation, and in an effort to conserve party and judicial resources, the Parties respectfully request a temporary stay of the remaining discovery and pretrial deadlines. A temporary stay will allow the Parties to focus their efforts on the forthcoming mediation and determine whether this matter can be resolved before incurring the additional time and expense associated with completing the remaining discovery, any related follow-up discovery, dispositive-motion practice, and other pretrial obligations.

7. The requested stay is limited in scope, sought in good faith, and not intended for purposes of delay.

8. Pursuant to LR 26-3, the Parties summarize below the discovery completed to date and the discovery that remains outstanding:

a. <u>**Discovery Completed**</u>**.** The Parties commenced discovery in October 2025 by exchanging initial disclosures under Rule 26(a)(1). The Parties then engaged in bilateral written discovery. Plaintiff served interrogatories and requests for production in November 2025, and Defendants responded in December 2025. Defendants likewise served interrogatories and requests for

LITTLER MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

production in December 2025, and Plaintiff responded in January 2026. Defendants also produced supplemental disclosure materials. After the Court entered a stipulated protective order governing confidential discovery, Plaintiff supplemented her disclosures and served separate requests for admission on each Defendant. Defendants responded to those requests for admission, supplemented their interrogatory and document-production responses, and produced additional documents through supplemental disclosures. The Parties also prepared for deposition discovery by identifying witnesses, serving and amending deposition notices, coordinating the availability of counsel and witnesses, and addressing related scheduling issues. The Parties further met and conferred regarding written discovery issues and the scope of the Rule 30(b)(6) examinations.

b. **Discovery Remaining.** The principal discovery that remains consists of the following depositions, which had been scheduled for early September 2026: Plaintiff's deposition of Corinna Cannon, set for September 1, 2026; Plaintiff's deposition of Amber Haines, set for September 3, 2026; Plaintiff's deposition of Mina Davis, set for September 8, 2026; Plaintiff's Rule 30(b)(6) depositions of Walmart Inc. and Wal-Mart Associates, Inc., set for September 9, 2026; and Defendants' deposition of Plaintiff, set for September 10, 2026. The Parties vacated these deposition settings given the scheduled mediation. Each deposition remains outstanding, and the Parties will promptly meet and confer regarding rescheduling if the matter does not resolve through mediation. The Parties may also depose additional percipient witnesses identified through discovery. Depending on the information obtained through the remaining depositions, the Parties may also conduct limited follow-up written discovery and third-party discovery, and will continue supplementing their discovery responses and document productions as appropriate.

**NOW THEREFORE**, based upon the foregoing and good cause appearing, the Parties stipulate as follows:

1. Discovery and all remaining pretrial deadlines are stayed pending completion of the Parties' November 10, 2026 mediation.

///

///

///

LITTLER MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

2. No later than November 25, 2026, the Parties shall file a Joint Status Report advising the Court of the outcome of the mediation, as follows:

a. If the matter resolves at mediation, the Joint Status Report shall advise the Court of the Parties' anticipated timeline for filing dismissal documents.

b. If the matter does not resolve at mediation, the Parties shall file, together with the Joint Status Report, a proposed amended scheduling order. The Parties agree that the proposed amended scheduling order will provide for a sixty (60) day extension of the discovery period following submission of the Joint Status Report, together with corresponding extensions of the remaining case-management deadlines, such that discovery would close on January 25, 2027, dispositive motions would be due on February 24, 2027, and the joint pretrial order would be due on March 26, 2027.

The Parties submit this stipulation in good faith to provide an opportunity for the matter to be resolved through private mediation before completion of the remaining discovery and pretrial proceedings and not for purposes of delay.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Marian L. Massey*
Jemma E. Dunn, Esq.
Matthew T. Hale, Esq.
Marian L. Massey, Esq.
GREENBERG GROSS LLP

*Attorneys for Plaintiff*
BRITTNEY PHILLIPS

Dated: September 9, 2026

Respectfully submitted,

*/s/ Hayley J. Cummings*
Kathryn B. Blakey, Esq.
Hayley J. Cummings, Esq.
LITTLER MENDELSON P.C.

*Attorney for Defendants*
WALMART INC. and WAL-MART ASSOCIATES, INC.

**IT IS SO ORDERED.**

Dated: September 10, 2026

UNITED STATES MAGISTRATE JUDGE